IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SATICOY BAY LLC SERIES 3123 INLET BAY, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. NATIONSTAR MORTGAGE, LLC, A DELAWARE COMPANY, Respondent. | No. 71576 <br><br> FILED <br><br> NOV 19 2018 <br><br> ELIZABETH A. BROWN CLERK OF SUPREME COURT BY DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

The district court correctly determined that respondent Nationstar's predecessor cured the default as to the superpriority portion of the HOA's lien by tendering $1,524 to the HOA's agent, which undisputedly exceeded 9 months of assessments. *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2009)] . . . is limited to an amount equal to nine months of common expense assessments.").[1] The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank*

---

[1] We decline to consider appellant's argument, raised for the first time on appeal, that the HOA's agent was justified in rejecting the tender. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

SUPREME COURT
OF
NEVADA

(O) 1947A

18-904794

*of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018). Although appellant contends that Nationstar's predecessor needed to record evidence of the tender and that appellant is protected as a bona fide purchaser, we recently rejected similar arguments. *Id.* at 119-121.[2] Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:     Hon. Tierra Jones, District Judge
        Janet Trost, Settlement Judge
        Law Offices of Michael F. Bohn, Ltd.
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

---

[2]Appellant also argues that Nationstar's predecessor imposed improper conditions on its tender and that it was required to keep the tender good. Because these arguments were raised for the first time in the reply brief, we decline to consider them. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011); *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.